O

JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MICHAEL McMAHON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. GAMEZ, et al.,<br><br>　　　　　Defendants. | Case No. CV 16-1971 JGB (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

　　　The Court dismisses the action for failure to oppose a dismissal motion and failure to prosecute.

＊＊＊

　　　This is a prisoner civil rights action filed in March 2016. Plaintiff is a former state prison inmate. According to the complaint, correctional officers sprayed pepper spray at Plaintiff during a fight with another inmate, causing him injuries. (Complaint at 5-8.)

Magistrate Judge Wilner screened Plaintiff's original complaint. (Docket # 5.) Judge Wilner granted Plaintiff IFP status and ordered the complaint to be served on two prison officials.

The Attorney General (representing the officials) moved to dismiss the action on several grounds. (Docket # 15.) Rather than oppose the dismissal motion, Plaintiff filed an amended complaint in September 2016. (Docket # 24.) The Attorney General again moved to dismiss the action. (Docket # 29.)

After obtaining several extensions of time, Plaintiff failed to file a timely response to the motion. (Docket # 31-34.) In the interim, Plaintiff was released from custody. Because he did not update his mailing address with the Court, several court orders were returned as undeliverable. (Docket # 35, 37.)

The Court issued an order to show cause why the action should not be dismissed. (Docket # 36.) Plaintiff responded to the OSC in February 2017. (Docket # 38.) His response described his health problems and his recent release from custody. Judge Wilner discharged the OSC without further consequence. (Docket # 39.)

However, because the action had been pending for nearly a year – and the dismissal motion was pending for many months – the Court informed Petitioner that he had "one final opportunity to respond to the defense's motion" by early April 2017. The Court expressly informed Petitioner that failure to respond would lead the Court to conclude that the motion was unopposed under Local Rule 7-12. (Id.) To date, Plaintiff has not filed anything in response to the dismissal motion.

\* \* \*

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under

Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. <u>Omstead v. Dell, Inc.</u>, 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988).

Dismissal is also proper under the Local Rules of Court. Local Rule 7-9 requires a party to file a memorandum stating the basis for that party's opposition to a motion. Local Rule 7-12 states that the "failure to file any required document [ ] may be deemed consent to the granting or denial of the motion."

\* \* \*

In the present action, the Court finds dismissal is appropriate. Plaintiff failed to respond to the long-pending dismissal motion in this action. The magistrate judge directly informed Plaintiff of his obligation to respond to the motion. Plaintiff's failure to do so demonstrates that he has no interest in advancing the action here. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. <u>Omstead</u>, 594 F. 3d at 1084.

Finally, the government's dismissal motion – pending with the Court for several months – is unopposed. Plaintiff's failure (despite numerous opportunities) to file any response means that the Court should deem the dismissal motion unopposed under Local Rule 7-12 and grant the requested relief.

3

Accordingly, for the reasons discussed above, this action is DISMISSED with prejudice. See Fed. R. Civ. P. 41(b) (dismissal under rule ordinarily "operates as an adjudication on the merits").

IT IS SO ORDERED.

Dated: May 31, 2017

HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE